UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LINDA S. DANT,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-400

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and/or Disabled Widow's Benefits ("DWB").[2] This case is before the Court upon Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920[,] respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*. "Section 402(e) of the Social Security Act provides disability benefits to a widow if (1) she is the widow of a wage earner who died fully insured, (2) she is between the ages of fifty and sixty, (3) she is disabled, and (4) her disability is expected to result in death or to last for a continuous period of not less than twelve months." *Dorton v. Heckler*, 789 F.2d 363, 365 (6th Cir. 1986).

Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record,[3] and the record as a whole.

## I.

### A.     Procedural History

Plaintiff filed for DIB, SSI, and DWB alleging a disability onset date of January 30, 2006. Tr. 1302. She suffers from a number of impairments including, *inter alia*, osteoarthritis of the knees and shoulders, coronary artery disease, degenerative disc disease of the cervical and lumbar spines, and obesity. Tr. 1305.

After initial denials of her applications, Plaintiff received a hearing before ALJ James R. Norris, who issued a written decision finding Plaintiff not disabled on April 29, 2009. Tr. 19-35. The Appeals Council denied Plaintiff's request for review, and she appealed the ALJ's decision to this Court. Tr. 9-12. Judge Rice reversed the ALJ's non-disability finding, and remanded the case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings. Tr. 1302, 1348.

Plaintiff thereafter received a hearing before ALJ Irma J. Flottman. Tr. 1784-1820. ALJ Flottman issued a written decision on August 19, 2014, again finding Plaintiff not disabled. Tr. 1302-16. Specifically, her findings were as follows:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since January 30, 2006, the alleged onset date (20 CFR 404.1571 *et seq.,* and 20 CFR 416.971 *et seq.*).

3. The claimant has the following severe impairments: osteoarthritis of the knees; osteoarthritis of the shoulders; coronary artery disease; diabetes

---

[3] The administrative record in this case was not filed electronically on the Court's CM/ECF docket. Accordingly, citations to the administrative record refer to the transcript page (Tr.), and not the PageID number.

mellitus; degenerative disc disease of the cervical and lumbar spines; fibromyalgia; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently. She could sit for a total of 6 hours in an 8-hour workday. The claimant could stand for 2 hours at a time for a total of 4 hours out of an 8-hour workday. She could walk for 2 hours at a time for a total of 4 hours in an 8 hour-workday. The claimant would be precluded from climbing ladders, ropes, and scaffolds. She would be limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. The claimant would be precluded from overhead reaching. She is limited to only occasional exposure to extreme cold. She should avoid all exposure to hazards including moving machinery and unprotected heights.

6. The claimant is capable of performing [her] past relevant work as an administrative clerk; medical assistant; and combination position of community coordinator and administrative services director. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, since January 30, 2006, through the date of this decision (20 CFR 404. 1520(f) and 416.920(f)).

Tr.1305-16.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

Plaintiff did not seek Appeals Council review of this second ALJ decision. *See* 20 C.F.R. § 404.984(d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). Plaintiff now challenges on appeal whether or not ALJ Flottman's August 2014 decision, adverse to her, is supported by substantial evidence.

### B. Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. Tr. 1305-15. Plaintiff and the Commissioner both summarize the record evidence in their respective filings. Doc. 9 at PageID 31-38; doc. 10 at PageID 51-52. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as the summaries provided by the parties. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if

substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

     5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that ALJ Flottman erred in: (1) evaluating the medical source opinion evidence, including opinions from Plaintiff's treating cardiologist Deovrat Singh, M.D. and medical expert ("ME") William Houser, M.D.; (2) determining her RFC; and (3) assessing her credibility. Doc. 9 at PageID 38-47. Finding remand warranted based upon the ALJ's assessment of the medical opinion evidence, the undersigned makes no finding with regard to Plaintiff's remaining assignments of error.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds that opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the

length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c).[5]  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

### A. Treating Cardiologist - Dr. Singh

After treating Plaintiff's cardiac condition for over 15 years, Tr. 1801, Dr. Singh opined in December 2012 that Plaintiff "would not be able to hold a physically demanding job due to her [c]ardiac condition . . . . I believe that any additional amount of stress bestowed upon this patient would aggravate her current problems." Tr. 1560. In September 2013, Dr. Singh opined that Plaintiff could lift up to 5 pounds for 5 to 10 minutes; stand/walk for 1 hour in a workday; sit for up to 5 hours in a workday; and is "unable to maintain gainful employment"[6] because "[a]ny additional stress would aggravate her medical issues." Tr. 1650-53. ALJ Flottman gave "little weight" to Dr. Singh's opinions, finding them:

> inconsistent with the totality of the objective record. The record supports the claimant's ability to lift and carry would be greater than five pounds. Physical therapy, conservative back treatment, and shoulder surgery and shoulder injections[] have reduced her claimant's symptoms. The claimant

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

[6] The Court acknowledges that whether a person is disabled is an issue reserved to the Commissioner, and a treating physician's opinion that his or her patient is disabled is not "give[n] any special significance." 20 C.F.R. § 404.1527(d)(3); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

> reported improved range of motion in her upper extremities as a result of her treatment and medications. Her cervical spinal issues have yet to rise to the level of requiring surgical intervention. In terms of her cardiac conditions, though she experiences some break through angina, the record shows no ischemia and her symptoms, including chest pain, are well controlled with medications. Further, Dr. Singh's opinions are not supported by the credible opinion evidence of record. The [ME] indicated, based on the medical record, the claimant would be capable of engaging in a less restrictive [RFC]. Therefore, the undersigned gives greater weight to the [ME] and less weight to Dr. Singh.

Tr. 1314.

The undersigned agrees with Plaintiff that the ALJ erred in analyzing, and ultimately discounting, Dr. Singh's opinions. Initially, the undersigned notes that ALJ Flottman failed to mention the "controlling weight" concept and never specifically declined to afford Dr. Singh's opinions "controlling weight." *See id.* Because of the ALJ's failure in this regard, the Court cannot determine whether he undertook the "two-step inquiry" required when analyzing treating source opinions. *See supra* note 5; *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart*, 710 F.3d at 377 (referencing 20 C.F.R. § 404.1527(c)(2)). Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Further, the undersigned finds ALJ Flottman's assessment fails to consider significant evidence, as required by 20 C.F.R. § 404.1527(c)(2). *Blakley*, 581 F.3d at 406 (stating that when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors" set forth in 20 C.F.R. § 404.1527(c)). The ALJ failed to acknowledge Dr. Singh's specialization as a cardiologist and the supportability of his opinions, *i.e.,* the narrative explanations within the 2013

9

opinion and the 86 pages of treatment notes containing objective findings. Tr. 1560-1649; 20 C.F.R. §§ 404.1527(c)(3), (5). Notably, in discounting Dr. Singh's opinions, the ALJ did not consider his long-term treatment relationship with Plaintiff -- over 16 years at the time Dr. Singh provided the 2013 opinion -- and how he could, therefore, provide a meaningful, "detailed, longitudinal picture of [Plaintiff's] medical impairment[,]" as contemplated by the regulations. 20 C.F.R. § 404.1527(c)(2); Tr. 1314.

Finally, to the extent ALJ Flottman relied on an apparent inconsistency between treater Singh's opinion and the ME's opinion, a mere disagreement between a treating physician and a reviewing physician is an insufficient basis upon which the ALJ can rely to give a treater less than controlling weight. As the Sixth Circuit has held:

> [C]onflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise[,] the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulation's presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with nontreating, nonexamining sources.

*Gayheart*, 710 F.3d at 377; *see also Pickett v. Astrue*, No. 3:10-cv-177, 2011 WL 1626559, at *5 (S.D. Ohio Apr. 28, 2011) (citation omitted)

Based upon the foregoing, the undersigned finds that ALJ Flottman failed to properly assess and give good reasons, supported by substantial evidence, for discounting the opinions of Plaintiff's long-term treating cardiologist. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions"). Accordingly, the ALJ's non-disability finding must be reversed.

### B. ME - Dr. Houser

The undersigned also finds that the ALJ failed to properly analyze and give good reasons for relying on the ME's opinion. In assessing that opinion, ALJ Flottman merely summarized his conclusion -- that Plaintiff is "capable of engaging in less than a full range of light exertional level work activities" -- and assigned the opinion "great weight" based upon the conclusory assessment that the ME "is well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to medical severity"; "had access to the entire record and had the opportunity to observe the claimant through the course of the proceedings"; "[h]is analysis is consistent with and supported by objective clinical and laboratory findings found in the record"; "he has knowledge of the Social Security Administration program and had access to all of the medical evidence on record"; and "his opinion is also based on a greater longitudinal perspective of [Plaintiff's] condition." Tr. 1313.

Nowhere does ALJ Flottman provide a specific analysis of any of the required factors set forth in 20 C.F.R. § 404.1527(e)(2)(ii) or point to any evidence within the record that he purportedly found consistent with the ME's opinion. Simply restating the ME's opinion and offering a conclusory assessment fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 404.1527(c); *see also Madewell v. Comm'r of Soc. Sec.*, No. 3:13-cv-318, 2015 WL 163468, at *5 (S.D. Ohio Jan. 13, 2015) *Report and Recommendation adopted* 2015 WL 1468303 (S.D. Ohio Mar. 26, 2015) (finding error when the ALJ assigned the ME's opinion "great weight" due to, *inter alia*, its consistency with unspecified objective medical evidence and the ME's familiarity with the Social Security disability program).

Accordingly, the undersigned concludes that the ALJ erred in assessing the ME's opinion, and sustains Plaintiff's assignment of error in this regard.

## IV.

When the ALJ's non-disability determination is found unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, the undersigned is reluctant to remand in light of the two administrative hearings Plaintiff has already received; because it would further delay this case, filed over ten years ago; and because of the strength of Dr. Singh's opinion. However, there is no vocational expert ("VE") testimony in the record concerning whether Plaintiff would be able to perform her past relevant work or a significant number of other jobs in the national economy if limited as opined by Dr. Singh. *See* Tr. 1814-20. Accordingly, the undersigned concludes that remand for further proceedings is necessary so the ALJ can reasonably and meaningfully weigh all opinion evidence in accordance with the regulations, assess Plaintiff's credibility, and determine Plaintiff's RFC and disability status anew.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:  February 10, 2016                *s/ Michael J. Newman*
                                         Michael J. Newman
                                         United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).